JOSÉ VÁZQUEZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ET AL., Respondents.

No. 160.  Decided January 26, 1939.

*Frank Torres* for workman-respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

In this case José Vázquez filed a petition to review an order of the Industrial Commission declaring him an uninsured employer and awarding Jacinto Caquías, an injured workman, a compensation of $724.10.  The employer did not accompany a certified copy of the order appealed from as required by Section 11 of Act No. 45 of April 18, 1935 (Laws of 1935 (1) pages 250, 288), and due to that fact the petition for review was dismissed by an order of the 12th of last month (53 P.R.R.).

The employer appeared again two days later, accompanying a certified copy of the order complained of and requested that the order of December 12th last be reconsidered.  The workman, through his attorney Frank Torres, on the 16th of said month, filed a motion opposing the second motion of the employer.  The court refused to reconsider and denied the employer's appeal because it did not raise questions of law reviewable by this court as provided by the aforesaid Act.

The motion of December 16th was the only action taken by attorney Frank Torres before this Court.

Now, on motion of the 17th inst., said attorney asks that we award his fees as attorney for the workman, and invok-

ing section 35 of Act No. 45 aforesaid, details the services rendered by him on behalf of the workman before the Manager of the State Insurance Fund and before the Industrial Commission.

Section 35 supra reads as follows:

"Section 35.—For the prosecution, liquidation, or decision of their cases before the Manager of the State Fund or before the Industrial Commission, workmen or employees do not require the services of attorneys, but if they decide to obtain the services of one for the better direction and defense of their cases, the Industrial Commission shall fix the percentage which should be paid to the attorney in prosecuting a claim in favor of the employee or workman or their heirs or beneficiaries, in accordance with the provisions of this Act.

"In such cases the Industrial Commission shall fix, chargeable to the compensation granted, the percentage that should belong to the attorney as fees. Under no circumstances shall the appearance of agents or other persons be allowed in any case of claim before the Industrial Commission unless it is a case of a minor or incapacitated person, in which case the person representing the minor or incapacitated person cannot collect any sum or receive any remuneration of any kind for representing or assisting the interested person in his claim for compensation.

"In cases that are the object of review before the courts and in mandamus cases authorized by this Act and in which the services of an attorney are utilized, the court before which the case is tried shall fix the fees which the attorney should equitably receive."

In our opinion, the last paragraph of section 35, in referring to the attorney's fees which shall be awarded by the court, means services rendered before the court only, it being up to the Industrial Commission to award attorney's fees for services rendered on behalf of the workman before the Commission as well as before the Manager of the State Insurance Fund.

Considering the work actually done by Mr. Torres before this court, which consists of the aforesaid motion, we appraise its value in the sum of $10, without prejudice to his right to claim before the Industrial Commission the fees due to him for the services rendered before said Commission and before the Manager of the State Insurance Fund.